T. LEE LEMMON, PROSECUTOR, v. STATE OF NEW JERSEY, RESPONDENT.

Submitted October 4, 1938—Decided December 30, 1938.

Before Justices CASE, DONGES and PORTER.

For the applicant, *John Henry Reiners, Jr.*

For the state, *Herbert F. Campbell* and *French B. Loveland.*

The opinion of the court was delivered by

CASE, J.  T. Lee Lemmon, formerly city clerk of the city of Cape May, was charged by a Cape May county grand jury,

on March 16th, 1938, on fourteen indictments, with having embezzled various sums of money from the said city. On March 23d Lemmon entered a plea of not guilty. Thereafter, on April 27th, he withdrew the plea and moved before the Cape May Quarter Sessions for the quashing of the indictments. The motion was heard, considered and denied. On May 2d the accused, appearing before a single justice, obtained a rule to show cause why a writ of *certiorari* should not issue and on the hearing of the rule, May 10th, 1938, was denied the writ. On July 8th notice was given that application would be made before us at the opening of the October term for a writ of *certiorari* to the end that the indictments might be brought here and the motion to quash repeated upon the grounds which were rejected on the two earlier presentations; and the application when made was not made orally but came in upon briefs. The prosecutor of the pleas objects, and we think with reason, to the delay, and possible injustice to the state, incident to this procedure which is at the best an appeal to discretion (*State* v. *Riggs,* 92 *N. J. L.* 575), and is not granted except on the clearest and plainest ground. *State* v. *Davidson,* 116 *Id.* 325; *State* v. *Ellenstein,* 121 *Id.* 304. We call attention, however, to the fact that at all times since May 10th, so far as the record shows, the state has been free to move the trials. A notice that application for a writ will be made at sometime in the future does not act as a stay.

The first argued reason is that some of the indictments charge that the petitioner was the "agent and servant" of the city of Cape May and was entrusted with city funds which he fraudulently took and converted, and this, it is said, accuses the defendant in two relationships and therefore invalidates the indictments. The words "agent" and "servant" are not synonyms; nevertheless they both relate to voluntary action under employment. There is judicial authority for the contention that "in legal essence there is no difference between the relation of master and servant and that of principal and agent, the terms 'servant' and 'agent' being fundamentally interchangeable and the distinction between them evidential only" (*Brown* v. *German-American Title and Trust Co.*

(*Pa.*), 34 *Atl. Rep.* 335, 339), and also for the statement that "the relation of principal and agent is but an outgrowth or expansion of the relation of master and servant. * * * There is a marked similarity in the legal consequences flowing from the two relations." *Kingan & Co.* v. *Silvers* (*Ind.*), 37 *N. E. Rep.* 413, 416. From this it will appear that at least the legal conception which the applicant advances does not carry universal approval. We do not find it necessary for our determination to go further into the similarity in or the distinction between the two words than to say that it is not made apparent to us wherein the wording of the indictments in that respect will harm the accused on a charge of embezzlement.

The reason next advanced is that the same indictments are defective in that they fail to describe the legal status of the city of Cape May. Applicant professes doubt as to whether the city of Cape May is "a corporation, a social organization, a partnership, limited or otherwise, or a municipal corporation." The court is in no doubt and will take judicial notice of the fact that the city of Cape May is a municipal corporation situated in the county of Cape May.

Next and finally it is said that all the indictments should be quashed because they recite that they were returned upon the respective oath and affirmation of the grand jury and that those who affirmed first alleged themselves conscientiously scrupulous of taking an oath. The argument is that the records in the office of the clerk of Cape May county disclose, and that it is admitted by the respondent, that when the grand jury assumed office all of the members took the oath, whereas each of the indictments contains the assertion that the grand inquest "upon their respective oath *and* affirmation * * * present," &c. Inasmuch as the caption shows and the applicant insists that all of the grand jurors were sworn there was no need of any further statement respecting the qualification of the jurors (*State* v. *Moore,* 75 *N. J. L.* 619), and the additional words may be disregarded as harmless surplusage.

The writ is denied. Costs against the applicant.